1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRY LYNNE FAUST, | ) No. SA CV13-01803-AS |
| | ) |
| Plaintiff, | ) **MEMORANDUM AND OPINION** |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROCEEDINGS**

Plaintiff Sherry Lynne Faust ("Plaintiff"), a former insurance agent and waitress, asserts disability since January 1, 2007, based on alleged physical and mental impairments. (A.R. 133—40). The Administrative Law Judge ("ALJ") examined the records and heard testimony from Plaintiff and a vocational expert on July 26, 2012. (A.R. 31—48). The ALJ denied Plaintiff benefits in a written decision. (A.R. 14—30). The Appeals Council denied review of the ALJ's decision. (A.R. 1—3).

On November 20, 2013, Plaintiff filed a Complaint, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), alleging that the Social Security Administration erred in denying her disability benefits. (Docket Entry No. 3). On March 24, 2014, Defendant filed an Answer to the Complaint (Docket Entry No. 12), and the Certified Administrative Record ("A.R.") (Docket Entry No. 13). The parties have consented to proceed before a United States Magistrate Judge (Docket Entry Nos. 7, 10). On June 4, 2014, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim (Docket Entry No. 23).

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

"Social Security disability benefits claimants have the burden of proving disability." Bellamy v. Sec'y Health & Human Serv., 755 F.3d 1380, 1380 (9th Cir. 1985). A claimant is disabled if she has the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant is disabled, ALJs follow a five-step process set forth in 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proving steps one through four." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

At step one, the ALJ must determine whether or not claimant is actually engaged in any "substantial gainful activity," as defined by

2

20 C.F.R. § 404.1572.   If claimant is not so engaged, the evaluation continues to step two.   See 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the ALJ determines whether the claimed physical or mental impairments are severe.   20 C.F.R. § 404.1520(a)(4)(ii).   When determining severity, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe."   Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing 42 U.S.C § 423(d)(2)(B)).   Impairments are considered severe unless the evidence "establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"   Id. at 1290 (quoting Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)).   "[I]f the ALJ concludes that the claimant does have a medically severe impairment, the ALJ proceeds to the next step in the sequence."   Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005); See 20 C.F.R. § 404.1520(a)(4)(ii).

At step three, the ALJ considers whether the claimant's severe impairments are disabling.   20 C.F.R. § 404.1520(a)(4)(iii).   The claimant is considered disabled if her purported conditions meet or are medically equivalent to a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1.   Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).   "[An] impairment is medically equivalent to a listed impairment in appendix 1 if it is at least equal in severity and duration to the criteria of any listed impairment."   20 C.F.R. 404.1526.   While the objective medical evidence of equivalence may not meet a listing, "[m]edical equivalence must be based on medical

3

findings." <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing 20 C.F.R. § 404.1526).

If the ALJ concludes that claimant is not disabled at step three, the ALJ moves to step four and considers whether the claimant can return to her past relevant work. <u>Burch</u>, 400 F.3d at 679; <u>See</u> 20 C.F.R. § 404.1520(a)(4)(iv).   In order to do so, the ALJ determines claimant's Residual Functional Capacity ("RFC").   20 C.F.R. § 404.1520(a)(4)(iv).   A claimant's RFC is "what [claimant] can still do despite [claimant's] limitations," and is "based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. 416.945(a)(1).   If the claimant's RFC dictates that she can return to her past relevant work, she is not considered disabled.   <u>Burch</u>, 400 F.3d at 679.

If the claimant proves in step four that she cannot return to her past relevant work, the ALJ proceeds to step five.   20 C.F.R. § 404.1520(a)(4)(v).   At step five "the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work." <u>Embrey v. Bowden</u>, 849 F.2d 418, 422 (9th Cir. 1988).   At this point, ALJs "can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her [RFC], would be able to do; and (2) the availability of such jobs in the national economy." <u>Tackett</u>, 180 F.3d at 1101.   If claimant does not have the RFC to work in any available jobs, she is considered disabled.   20 C.F.R. § 404.1520(a)(4)(v).

///

///

4

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In applying for disability insurance benefits, Plaintiff alleged the following disabling severe impairments: chronic back pain, arthritis, depression, high blood pressure, and menopause. (A.R. 164). Additionally, at the hearing before the ALJ on July 26, 2012, Plaintiff testified that depression also impaired her ability to work. (A.R. 40–42). The alleged onset date of these impairments was January 1, 2007. (A.R. 19, 35, 133, 161). At the July 26, 2012 hearing before the ALJ, Plaintiff testified that she had lower back pain that would traverse her left leg and even stretch as far as her left foot. (A.R. 38). Plaintiff claimed that she could not stand or sit for more than an hour due to the purported discomfort. (A.R. 38–39). Plaintiff also testified that she had difficulties interacting with people due to her depression. (A.R. 35)

The ALJ applied the five-step process to the record in Plaintiff's case. (A.R. 17–27). At step one, the ALJ determined that Plaintiff is not engaged in any "substantially gainful activity." (A.R. 19). At step two, the ALJ examined the objective medical evidence, heard Plaintiff's testimony, and found that she has the following severe impairments: hypertension, osteoarthritis, depressive disorder, and a history of drug and alcohol abuse.[1] (A.R. 19). The ALJ also found Plaintiff's obesity to be a severe

---

[1] Although the ALJ found hypertension to be a severe impairment, the ALJ noted that "[i]f the evidence regarding the impairments alleged by the claimant was strictly considered, hypertension would not be found to be both medically determinable and severe." (A.R. 23). The ALJ based this statement on the findings by Plaintiff's doctors that her hypertension was benign and caused no functional limitations. (A.R. 242, 246, 248–50, 283).

impairment.    (A.R. 23).    The ALJ did not find Plaintiff's diagnosed diabetes to be severe because "the condition has been managed with oral medications." (A.R. 20, 42–43, 281).

At step three, the ALJ found that Plaintiff's severe impairments did not meet or equal a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (A.R. 20).   Based on the objective medical evidence, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 22).   The ALJ also found, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible."  (A.R. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

> lift/carry twenty pounds occasionally, ten pounds frequently; stand/walk for a total of six hours of an eight hour day; sit for a total of six hours of an eight hour day; occasionally climb ladders, ropes, scaffolds; perform simple tasks with simple work related decisions.

(A.R. 21).   The ALJ based the finding of Plaintiff's RFC on the opinion of Dr. John Godes, a consultative medical examiner.   (A.R. 24, 268—73).

At step four, the ALJ determined that Plaintiff was unable to return to her past work as an insurance agent or policy holder information clerk.   (A.R. 25).   The ALJ made this determination after comparing Plaintiff's RFC with the requirements of her past relevant

work, and after hearing testimony from a vocational expert.  (A.R. 25, 44-47).

At step five, based on testimony from the vocational expert, who had considered Plaintiff's limitations, the ALJ concluded that Plaintiff had the RFC to work as a mail clerk or as a housekeeper. (A.R. 26, 46—47).  Additionally, the ALJ found that these jobs exist in significant numbers in the national economy.  (A.R. 26, 46—47). As a result of these findings, the ALJ concluded that Plaintiff was not disabled under 42 U.S.C. § 423(d)(1)(A).

**STANDARD OF REVIEW**

This court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) The Administration used proper legal standards. Smolen, 80 F.3d at 1279.  "Substantial evidence is more than a scintilla, but less than a preponderance." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  To determine whether substantial evidence supports a finding, "a court must consider [] the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  As a result, "[i]f evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a] court may not substitute its judgment for that of the ALJ." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

**PLAINTIFF'S CONTENTIONS**

Plaintiff contends that (1) the Appeals Council erred in finding that the new evidence submitted by Plaintiff did not warrant a remand; and (2) the ALJ erred in his assessment of Plaintiff's credibility. (See Joint Stip. 2.)

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from material[1] legal error.

**A.   The ALJ Did Not Err in Evaluating Plaintiff's Credibility**

Plaintiff contends that the ALJ erred in evaluating her credibility, and that because of this error, the ALJ failed to find her disabled. (Joint Stip. 14—17, 21—24).   As a result, Plaintiff implicitly faults the ALJ's findings regarding step three of his analysis, arguing that the ALJ should have found her severe impairments disabling.

If a claimant asserts that pain is the primary reason a severe impairment is disabling, the claimant's testimony regarding her

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (stating that an ALJ's decision will not be reversed for errors that are harmless).

subjective symptoms may be crucial to the ALJ's evaluation. <u>See</u> <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1433 (9th Cir 1995). The ALJ must make "an explicit credibility finding whenever the claimant's credibility is a critical factor in the Secretary's determination." <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990). In order to determine whether a claimant's testimony is credible, the ALJ engages in a two-step analysis. <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014 (9th Cir. 2014).

First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A)(1988)). In producing evidence of the underlying impairment, "the claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof." <u>Smolen</u>, 80 F.3d at 1282. Instead, the claimant "need only show that [the impairment] could reasonably have caused some degree of the symptom." <u>Id.</u>

Second, once the claimant has produced the requisite objective medical evidence, the "ALJ may reject the claimant's testimony regarding the severity of her symptoms." <u>Smolen</u>, 80 F.3d at 1284. Absent affirmative evidence of malingering, however, the ALJ may only reject a plaintiff's testimony "by offering specific, clear and convincing reasons for doing so." <u>Id</u>. In assessing a claimant's alleged symptoms, an ALJ may consider: "(1) ordinary techniques of credibility evaluation, such as claimant's reputation for lying,

prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears to be less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." Id. An ALJ may also consider "the claimant's work record and observations of treating and examining physicians and other third parties." Id.

Here, the ALJ examined the Administrative Record and heard testimony from Plaintiff. Based on the record, the ALJ determined that Plaintiff had "produce[d] objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" (A.R. 22). However, the ALJ rejected plaintiff's testimony regarding the disabling effects of her symptoms and offered specific, clear and convincing reasons for doing so. (A.R. 22-25). The reasons given by the ALJ are supported by the record.

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007)(holding that Plaintiff's use of over-the-counter pain medications to treat pain was inconsistent with Plaintiff's claims that pain was disabling). Here, the ALJ found that "the infrequent treatment received since the alleged onset date was routine, conservative and non-emergency."[2] (A.R. 22). These facts are

---

[2]   While Plaintiff's clinical visits may be described as frequent, she did not present for back pain in each instance, but sought

supported by the administrative record.  The ALJ noted that Plaintiff found "moderate relief" from lower back pain through conservative treatment such as taking Advil, and exercising.  (A.R. 23, 239, 242). Plaintiff's clinical visits for both physical and psychological examinations were routine and yielded no abnormalities.  (A.R. 22, 211—14, 216, 227—33, 261—63, 277—305, 311—17, 320—21).  Furthermore, the ALJ included in his decision the fact that Plaintiff claimed she was diagnosed with rheumatoid arthritis in 2001, but never sought out treatment.  (A.R. 22, 211).  Accordingly, the ALJ properly discounted Plaintiff's testimony based on the evidence of her conservative treatment

The ALJ may rely on "ordinary techniques of credibility evaluation" in considering Plaintiff's credibility.  Smolen, 80 F.3d at 1284.  As a result, "the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence."  Bunnell, 947 F.2d at 346.  The ALJ's review of the record revealed that Plaintiff "ha[d] made inconsistent statements regarding matters relevant to the issue of disability." (A.R. 24).  Specifically, the ALJ correctly noted that Plaintiff "reported that she was fired from her position at Chevron...yet she admitted on disability report that she quit the job in August 2006."

treatment for other medical issues.  (A.R. 227—37, 246—47, 248—50, 277—79, 281—83, 284—88, 311—13, 315—317).  Therefore, while the actual number of clinical visits remained high, the occasions on which she sought out treatment for her severe impairments remained infrequent.  (A.R. 211—13, 239—41, 251—53, 292—294, 295—305). Additionally, despite her continued medical appointments, her treatment for all of her conditions remained "routine, conservative, and non-emergency." (A.R. 211—13, 227—37, 239—41, 246—47, 248—50, 251—53, 277—79, 281—83, 284—88, 292—294, 295—305, 311—13, 315—317).

(A.R. 24, 166).   Additionally, the ALJ pointed out that Plaintiff admitted to the medical examiner that she was fired from her job at the Chevron station for absenteeism resulting from her drug use. (A.R. 23—24, 217).   Based on these findings, the ALJ properly concluded that, "the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable." (A.R. 24).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008); See also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").   In addition to other inconsistencies, the ALJ found Plaintiff's credibility to be "highly suspect based on the discrepancy between the claimant's subjective complaints and the objective medical evidence." (A.R. 22).   The ALJ noted that despite Plaintiff's complaints of myriad disabling conditions, one medical examination revealed "no abnormal findings except for two swollen and tender fingers." (A.R. 22, 211—13).   Furthermore, the ALJ pointed to the fact that during medical evaluation, Plaintiff displayed "no sensory abnormalities, no motor dysfunction, normal gait and stance, no pain upon palpitation of spine and extremities, [and] no muscle spasm."[3]   (A.R. 22, 212—213).   Additionally, despite claiming a

---

[3]   While some later medical records show that Plaintiff did claim "tenderness upon palpitation" of her lower spine, (A.R. 213, 242, 252, 293, 298), others make no mention of tenderness or pain. (A.R.

diagnosis of rheumatoid arthritis, Plaintiff tested negative for the condition. (A.R. 22, 224). The ALJ properly relied on the lack of objective medical evidence supporting Plaintiff's testimony in making an adverse credibility determination.

The Court finds that the ALJ stated legally sufficient reasons for his adverse credibility finding.

**B. The New Evidence Submitted by Plaintiff to the Appeals Council Does Not Warrant A Remand**

Plaintiff contends that the Appeals Council erred by failing to remand Plaintiff's case because new evidence submitted to the Appeals Council purportedly undermines the sufficiency of the evidence to support the ALJ's decision. (Joint Stip. 2—5, 11—14)

"[T]he administrative record includes [new] evidence submitted to and considered by the Appeals Council." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012). The Appeals Council, after considering the new evidence, "denies review or, if it accepts a case for review, issues its own findings on the merits." Id. "When the Appeals Council declines review, 'the ALJ's decision becomes the final decision of the commissioner.'" Id. (quoting Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1231 (9th Cir. 2011)). The district court will then consider new evidence submitted to the Appeals Council in determining whether the denial of benefits

240, 250, 282, 288). Plaintiff also only exhibited muscle spasm during a single examination. (A.R. 252).

was supported by substantial evidence, as long as the Appeals Council has not rejected the evidence.  See Lay v. Astrue, 373 Fed.Appx. 804, 806 (9th Cir. 2010).

To determine whether substantial evidence supports a decision, "a court must consider . . . the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Reddick, 157 F.3d at 720. Plaintiff contends that because the new evidence she submitted to the Appeals Council shows "nerve root compression," her condition is per se disabling under 20 C.F.R. Pt. 404, Subpart P, Appendix 1, 1.04.

Appendix 1, 1.04 provided that a claimant is disabled if they exhibit:

> "evidence of nerve root compression characterized by neuro-
> anatomic distribution of pain, limitation of motion of the
> spine, motor loss accompanied by sensory or reflex loss
> and, if there is involvement of the lower back, positive
> straight leg rais[e]."

20 C.F.R. Pt. 404, Subpart P, Appendix 1, 1.04 (emphasis added). However, because Plaintiff exhibited normal stance and gait, no limitations of spinal motion, no motor loss, and a negative straight leg raise, she is not disabled under that provision. (A.R. 212—13, 252, 270—72, 293, 298). Therefore, Plaintiff does not meet a listing under Appendix 1. Although the x-rays and MRIs that were submitted to the Appeals Council provide "objective medical evidence of an

14

1  underlying impairment," Bunnell, 947 F.2d at 344, they do not provide

2  a basis to challenge the ALJ's finding that Plaintiff's "medically

3  determinable impairments could reasonably be expected to cause the

4  alleged symptoms." (A.R. 22).  The analysis returns to whether "the

5  ALJ's credibility finding is supported by substantial evidence in the

6  record." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).  As

7  stated above, the ALJ found reason to doubt Plaintiff's credibility

8  using "ordinary techniques of credibility evaluation," Smolen, 80

9  F.3d at 1284, and after finding "evidence of conservative treatment,"

10 Parra, 481 F.3d at 751, inconsistencies in plaintiff's statements,

11 and discrepancies between her subjective complaints and the objective

12 medical evidence.  Carmickle, 533 F.3d at 1166.  Because the new

13 evidence does not change the facts relied on by the ALJ in making his

14 adverse credibility determination, that finding remains properly

15 supported by substantial evidence.[4]

16

17     Furthermore, "new evidence is part of the administrative record,

18 which the district court must consider in determining whether the

19 Commissioner's decision is supported by substantial evidence."

20 Brewes, 682 F.3d at 1159—60.  A review of the record, including the

21 new x-rays and MRIs that were submitted after the ALJ's decision,

22 tends to undermine rather than bolster Plaintiff's credibility.

23 "[I]f a claimant complains about disabling pain but fails to seek

24 _____

[4]    Plaintiff also argues that remand is required because the ALJ was
25 unable to consider her obesity in conjunction with the evidence of
   nerve root compression. (Joint Stip. 15).  However, this argument is
26 premised on Plaintiff's claim that evidence of "nerve root
   compression" meets or equals a listing. (Joint Stip. 12).  As set
27 forth above, Plaintiff's reliance on Appendix 1, 1.04, is misplaced.
   Therefore, a remand to consider Plaintiff's obesity in conjunction
28 with this evidence is not required.

15

treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." <u>Orn v. Astrue</u>, 495 F.3d 625, 638 (9th Cir. 2007).   The record reveals that Plaintiff was scheduled for an x-ray and MRI appointment by Dr. Sarah Hwang, but failed to show, or provide any explanation for her failure to do so.   (A.R. 295).   It was only *after* the ALJ found Plaintiff not disabled, and over a year after Dr. Hwang scheduled the appointment, that Plaintiff reported for the tests.   These facts support the ALJ's finding that Plaintiff treated her condition conservatively, and demonstrate that Plaintiff was "in less pain than she claim[ed]." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993).

**CONCLUSION**

The legally valid reasons given by the ALJ for discounting Plaintiff's credibility sufficiently allow the Court to conclude that the ALJ's credibility finding was based on permissible grounds.   The Court therefore defers to the ALJ's credibility determination. <u>See Lasich v. Astrue</u>, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); <u>accord</u> <u>Flaten v. Sec'y of Health and Human Serv.</u>, 44 F.3d 1453, 1464 (9th Cir. 1995).   Where the ALJ has made specific findings justifying a decision to disbelieve Plaintiff's symptom allegations and those findings are supported by substantial evidence in the record, "we may not engage in second guessing." <u>Thomas</u>, 278 F.3d at 958-59.

16

**ORDER**

    For all of the foregoing reasons, the decision of the
Administrative Law Judge is affirmed.


    LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  October 29, 2014.

                                   /s/_____
                                   ALKA SAGAR
                                   UNITED STATES MAGISTRATE JUDGE

17